UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENSTOOTH RANCH LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE BURLINGTON INSURANCE COMPANY,<br><br>　　　　　Defendant. | Case No. 17-cv-00006-SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY**<br><br>Re: Dkt. No. 15 |

Before the Court is plaintiff Henstooth Ranch LLC's ("Henstooth's") motion to stay. Dkt. No. 15. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and hereby VACATES the hearing scheduled for April 14, 2017. For the reasons set forth below, the Court DENIES plaintiff's motion.

## BACKGROUND

In November 2015, Sonoma Land Trust ("SLT") sued Henstooth and its members, Peter and Toni Thompson, in Sonoma County Superior Court for violation of a conservation easement (the "SLT Action"). *See* SLT Action Complaint (Dkt. No. 1-1) at 88-106. SLT alleges that Henstooth and the Thompsons violated the easement by constructing a new road, removing an old oak tree, and causing other property damage. *Id.* SLT asserts three causes of action: (i) violation of the conservation easement; (ii) breach of contract; and (iii) cutting, carrying off, or injuring trees. Henstooth tendered the SLT Action to Burlington under a liability insurance policy and Burlington denied coverage. Complaint (Dkt. No. 1-1) at ¶¶ 15-16. Trial in the SLT Action is set to begin on June 2, 2017. Leslie Decl. (Dkt. No. 15-1) ¶ 6.

Henstooth filed this declaratory relief action in Contra Costa County Superior Court on November 21, 2016 and served defendant Burlington Insurance Company ("Burlington") on December 20, 2016. *See* Notice of Removal (Dkt. No. 1) ¶ 6; *id.* Ex. 1, Complaint (Dkt. No. 1-1) at 2-6.[1] Burlington removed the action to this Court on January 3, 2017. The complaint seeks a declaration of rights under liability insurance policies and that Burlington, as insurer, has a duty to defend or indemnify Henstooth in the SLT Action. *Id.* Henstooth now moves to stay this case pending resolution of the SLT Action. Mot. (Dkt. No. 15).

## LEGAL STANDARD

"A district court has discretion to stay or dismiss an action for declaratory relief over which it has jurisdiction." *Century Sur. Co. v. Byal*, No. 10-3917-WHA, 2011 WL 2550832, at *2 (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). "If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory relief action is filed, there is a presumption that the entire suit should be heard in state court." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (citation omitted). However, "[t]he pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief." *Id.* "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Id.*

District courts in the Ninth Circuit utilize the *Brillhart* factors as their "philosophic touchstone" in considering whether to stay or dismiss an action for declaratory relief. *Id.* & n.5; *see Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942); *Am. States Ins. Co. v. Kearns*, 15 F.3d 142 (9th Cir. 1994). The *Brillhart* factors guide district courts to "avoid needless determination of state law issues; . . . discourage litigants from filing declaratory actions as a means of forum shopping; and . . . avoid duplicative litigation." *Dizol*, 133 F.3d at 1225.

---

[1] Unless otherwise indicated, pinpoint citations are to ECF-generated page numbers.

1  Additionally, a court may consider "whether the declaratory action will settle all aspects of the controversy"; whether it "will serve a useful purpose in clarifying the legal relations at issue"; whether declaratory relief "is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage"; or whether the action "will result in entanglement between the federal and state court systems." *Id.* at 1225 n.5 (citing *Kearns*, 15 F.3d at 145 (Garth, J., concurring)). "In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies." *Id.*

## DISCUSSION

Neither party argues that the Court should dismiss this case under *Wilton* and its progeny. Nor has plaintiff requested a remand; it seeks only to stay this action for its convenience. This order focuses only on plaintiff's request for a stay.

As an initial matter, the Court places particular emphasis on the fact that Henstooth filed this declaratory relief action, not Burlington. Henstooth claims it filed this action to "preserve and assert its rights under the policy," yet it faced no imminent statutory or contractual deadline to file. Mot. at 3. Now, much of Henstooth's motion to stay this action is based upon the prejudice it will purportedly face in having to "fight a two-front war." The second "front" – this declaratory relief action – is of Henstooth's own creation. As such, Henstooth's claims of prejudice in this regard are unpersuasive.

The Court now turns to the relevant *Brillhart* factors to determine whether a stay is appropriate here. Henstooth argues that this declaratory relief action would "require needless determination of state law issues and duplicative litigation." Mot. at 10. Henstooth argues that many factual issues in this case will overlap with those in the SLT Action, such as "what precipitated the tree removal and also the subsequent alleged property damage, what did Henstooth Ranch and the Thompsons do, what were Henstooth Ranch and the Thompsons supposed to do, who (if anyone) is at fault, and who is ultimately responsible." *Id.* (citing Leslie Decl. ¶ 10).

Based on the record, the Court does not see a significant overlap between the two actions.

The SLT Action will turn on, among other things, whether the defendants' removing trees, building a road, and damaging land violated SLT's conservation easement. This declaratory relief action turns on whether the property damage is a covered "occurrence" (*i.e.*, accident) under the Burlington insurance policy. In this action, Burlington will seek to prove that Henstooth acted intentionally in building a road, moving a tree, and causing other damage. Findings on this issue would not interfere with the state court's determination of whether Henstooth or the Thompsons violated the SLT easement. While some discovery will overlap between the two actions, the overlap is not likely to be significant or prejudicial. In the Court's view, this action can be resolved without any prejudice to Henstooth in the SLT Action, especially where the SLT Action will likely proceed to final judgment well ahead of this case. *See Great Am. Ins. Co. v. Superior Court*, 178 Cal. App. 4th 221, 235 (2009).

Henstooth further argues that "[t]here is no inconvenience or prejudice to Burlington by having to wait a few extra months" before proceeding with this declaratory relief action, but that Henstooth will face significant prejudice in having to litigate two actions simultaneously. Reply (Dkt. No. 23) at 4-5. As set forth above, however, Henstooth's arguments about fighting a "two-front war" lack persuasive force. Henstooth filed this action and, absent a concrete risk of prejudice, this action will proceed.

Because Henstooth does not argue any other factors in favor of a stay, the Court ends its analysis here. Henstooth's motion to stay is hereby DENIED. If, however, a clear potential for prejudice arises during discovery or motion practice, Henstooth may file a renewed motion.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to stay is DENIED without prejudice.

This order resolves Dkt. No. 15.

**IT IS SO ORDERED**.

Dated:   March 27, 2017

_____
SUSAN ILLSTON
United States District Judge

4